**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV1**

| | |
|---|---|
| **PAMELA B. GREENE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM** |
| ——————————————————) | **AND ORDER** |
| **MICHAEL J. ASTRUE, Commissioner** ) | |
| **of Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ——————————————————) | |

**THIS MATTER** is before the Court on the parties' cross motions for

summary judgment.  For the reasons stated herein, the Defendant's motion

is granted and the Plaintiff's motion is denied.

## I.  STANDARD OF REVIEW

This Court does not conduct a *de novo* review of the decision of the

Administrative Law Judge (ALJ).  ***Smith v. Schweiker*, 795 F.2d 343, 345**

**(4th Cir. 1986).**  In fact, under the statutory scheme of the Social Security

Act, the reviewing court "must uphold the factual findings of the Secretary if

they are supported by substantial evidence and were reached through

application of the correct legal standard." ***Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 405(6) (2001).** Substantial evidence is defined as that which "'a reasonable mind might accept as adequate to support a conclusion.'" ***Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (other citations omitted).** "'It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" ***Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).** If there is sufficient evidence to withstand a motion for a directed verdict had the case been before a jury, then the evidence is substantial and the ALJ's decision may not be overturned. ***Id.*** "It is not our place either to weigh the evidence or to substitute our judgment for that of the Secretary if that decision was supported by substantial evidence." ***Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).** Thus, the issue for resolution here "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." ***Craig, supra.***

Each party has moved for summary judgment, claiming they are entitled to judgment as a matter of law.  Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law.  **Fed. R. Civ. P. 56(c).**  A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party.  ***Shaw v. Stroud*, 13 F.3d 791, 798 (4ᵗʰ Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).**

Where the parties have cross-moved for summary judgment, the Court will consider each motion separately.  Thus, in considering the Plaintiff's motion, Plaintiff as the moving party has an initial burden to show a lack of evidence to support Defendant's case.  ***Shaw, supra* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).**  If this showing is made, the burden then shifts to the Defendant who must convince the Court that a triable issue does exist.  ***Id.***  Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."  ***Id.***  A "mere scintilla of evidence" is not sufficient to defeat summary judgment.  ***Id.***  After consideration of the Plaintiff's motion, the

same procedure is used in connection with Defendant's motion for summary judgment.

Thus, in considering the facts of the case for purposes of these cross-motions, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).**

## II. PROCEDURAL HISTORY

On September 17, 1999, Plaintiff filed a claim for disability insurance benefits alleging she became disabled as of September 15, 1993. **Transcript of Proceedings ("Tr."), at 131-34.** Her claim was denied initially on October 26, 1999, and again upon reconsideration on February 18, 2000. **Tr., at 65-66**. Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). The hearing was on August 15, 2000, where Plaintiff was present and represented by counsel. ***Id*. at 98, 372.** On September 6, 2000, the ALJ issued a decision finding Plaintiff was not entitled to a period of disability or disability insurance benefits. ***Id*. at 67-79.** Plaintiff filed a request for review by the Appeals Council; the Appeals Counsel granted Plaintiff's request for review and remanded the

case on February 28, 2003, to an ALJ for a second hearing. ***Id*. at 122-26.**
That hearing was held before the ALJ on July 28, 2003, where Plaintiff was
present and represented by counsel. ***Id*. at 406.** On August 14, 2003, the
ALJ again denied the Plaintiff's claim for a period of disability and disability
insurance benefits. ***Id*. at 40-50.** Thereafter, the Appeals Council denied
Plaintiff's request for review on December 14, 2004, and the Plaintiff
subsequently filed a civil action in this Court. ***Id*. at 551-54; *see also*,**
***Greene v. Barnhart,* Civil No. 1:05CV9, filed January 13, 2005.** On June
20, 2005, this Court remanded the case pursuant to Sentence Four of 42
U.S.C. § 405(g) and upon consent of the parties for yet another hearing
before an ALJ with instructions for the ALJ to (1) evaluate the medical
opinions in the record, including Dr. Talley's, as directed by the Appeals
Council's February 2003 remand order, and (2) comply with Social Security
Ruling 00-4p by presenting the vocational expert with a hypothetical
question which reflects the residual functional capacity as found. ***Id*. at**
**559-61.** A third hearing was held on Plaintiff's claim for disability benefits
on November 21, 2005, before an ALJ; Plaintiff was present and
represented by counsel. The ALJ issued his decision December 9, 2005,
again denying Plaintiff's claim for disability benefits. ***Id*. at 466-80.** The

Appeals Council denied Plaintiff's request for review and the decision became the final decision of the Commissioner. *Id.* **at 427-429;** *see* **42 U.S.C. § 405(g).** Plaintiff timely filed this action and has exhausted all available administrative remedies; the case is now ripe for review under 42 U.S.C. § 405(g).

## III. FINDINGS OF FACT

As noted above, and as agreed to by all parties to this action, Plaintiff alleges she became disabled as of September 15, 1993, and her last date insured for disability benefits was December 31, 1996. **Tr.,** *supra***, at 471-72**; **Plaintiff's Memorandum in Support of Summary Judgment ("Plaintiff's Memorandum"), filed June 15, 2007, at 1; Defendant's Memorandum in Support of the Commissioner's Decision ("Defendant's Memorandum"), filed July 23, 2007, at 1 n.1.** Plaintiff's earning history submitted in connection with her disability application reflects her income following the date of last insured:

| Earnings ($) | Year |
|---|---|
| 103.20 | 1997 |
| 6,723.77 | 1998 |
| 88.57 | 1999 |
| 00.00 | 2000 |

**Tr.,** *supra***, at 134.** In 1997, Plaintiff worked on Saturdays as a bartender. *Id.* **at 472.** In May 1998, Plaintiff claimed to have worked as a school bus monitor and continued to bartend on Saturdays from January to July 1998. *Id.* **at 148.** In July 1998, Plaintiff went to work full-time at Lowe's Home Improvement Center ("Lowe's") working initially in customer service and then as a cashier. *Id*. **at 472, 634.** She worked roughly 8 hours a day, five days a week and earned $6.25 an hour. *Id.* **at 472.** She continued to work full-time for Lowe's until December 24, 1998. *Id.* Further facts will be developed as needed herein.

## IV.  DISCUSSION

Disability under the Social Security Act means the inability to engage in any substantial gainful activity[1] due to a physical or mental impairment expected to result in death or to last for a continuous period of not less than twelve months.  In determining whether or not a claimant is disabled,

---

[1] Substantial gainful activity is defined as work that is both substantial and gainful.  **20 C.F.R. § 404.1572.**  Substantial work activity involves doing significant physical or mental activities.  Work can be substantial even if done on a part-time basis.  *Id.* **§ 404.1572(a)**.  Gainful work activity is work activity that is done for pay or profit.  *Id.* **§ 404.1572(b)**.  If a claimant is found capable of engaging in substantial gainful activity then they will be found "not disabled."  *Id.* **§ 404.1571**.

the ALJ follows a five-step sequential process. ***See*, 20 C.F.R. § 416.920.** If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. ***Pass v. Chater*, 65 F.3d 1200, 1203 (4ᵗʰ Cir. 1995).** The claimant "bears the burden of production and proof during the first four steps of the inquiry." ***Id*. (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4ᵗʰ Cir. 1992)).** If the claimant carries his or her burden through the fourth step then "the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform." ***Hunter*, 993 F.2d at 35.**

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. ***Pass, supra*.** Second, the applicant must show a severe impairment. If the applicant does not show any impairment or combination thereof which significantly limits the physical or mental ability to perform work activities, then no severe impairment is shown and the applicant is not disabled. ***Id*.** Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the applicant is disabled regardless of age, education or work experience. ***Id*.** Fourth, if the impairment does not meet the criteria

above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. *Id.* Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. *Id.*

In this case, the ALJ made a determination at the first step that Plaintiff was not entitled to benefits because she had engaged in substantial gainful activity following the date she was last insured. **Tr.,** *supra***, at 473.** However, the ALJ noted the instructions on remand from this Court and continued his analysis of Plaintiff's claim for disability benefits by continuing the sequential evaluation process. *Id***. at 473-80, 559-61.** The ALJ concluded that she had the residual function capacity to perform light and sedentary work which was unskilled or semi-skilled with nonexertional restrictions that she work in an environment relatively pollutant free and with limited social interaction; the ALJ further concluded Plaintiff could not return to her past relevant work. *Id***. at 474, 478;** *see* **20**

**C.F.R. § 404.1565.**  In analyzing Plaintiff's claim at step five, the ALJ found

that Plaintiff was not disabled because based on her age, work experience,

education, and residual functional capacity, there were significant numbers

of jobs in the national economy that she could perform.  **Tr., *supra*, at**

**478.**[2]

    In order to qualify for disability insurance benefits, Plaintiff has the

burden of proof during the first four steps of the sequential evaluation.

***Pass,* 65 F.3d at 1203.**  Additionally, Plaintiff "must prove that she became

disabled prior to the expiration of her insured status."  ***Johnson v.***

***Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005); *see* 20 U.S.C.A. §**

**423(a)(1)(A)**.  A claimant is entitled to a period of disability if they have or

have had a disability as defined by § 404.1505, are insured for disability, as

defined by § 404.130, in the calendar quarter in which they became

disabled**,** and file an application *while disabled*, or *no later than 12 months*

after the month in which their period of disability ended.  **20 C.F.R §**

**404.320(b)(1)(2), (3) (emphasis added).**

—————————————

    [2] The Court finds the ALJ's initial decision to deny Plaintiff benefits
was based on substantial evidence and upon correct application of the law
and, therefore, does not examine his decision regarding his second denial
of benefits at step five.

Plaintiff filed her application for disability insurance benefits on September 17, 1999, and her insured status expired on December 31, 1996. **Tr., *supra*, at 131-33.** The question presented is whether Plaintiff engaged in substantial gainful activity while employed full-time at Lowe's from July 6, 1998, until December 24, 1998. If the answer is yes, Plaintiff would not be entitled to benefits because she would have failed to show that she had a disability that ended within 12 months of her application date**. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995) (holding that "individuals who apply for benefits under the Act after the expiration of their insured status, for a disability that prevents substantial gainful activity at the time of the application, must show that the current disability has existed continuously since some time on or before the date that their insured status lapsed."); *see* 20 C.F.R. §§ 404.315(a)(1),(2), (3).** The ALJ found Plaintiff was not entitled to disability benefits because she had engaged in substantial gainful activity after she last met insured status and more than 12 months prior to her application date. **20 C.F.R. § 404.320(b)(3); Tr., *supra*, at 472**. This Court's review of the ALJ's determination is limited to whether

the decision is supported by substantial evidence and whether the correct law was applied. ***Craig,*** **76 F.3d at 589.**

In examining the administrative record, it is clear Plaintiff worked for Lowe's on a full-time basis from July 6, 1998, until December 24, 1998. **Tr., *supra*, at 472**; **Plaintiff's Memorandum, *supra,* at 12.** Plaintiff worked roughly 40 hours a week and earned $6.25 an hour. **Tr., *supra*, at 472.** The ALJ considered Plaintiff's work activity and earnings from July 1998 through December 24, 1998, in making the determination that Plaintiff had engaged in substantial gainful activity. In examining whether the Plaintiff engaged in substantial gainful activity, the Regulations provide for scrutiny of Plaintiff's earning history between January 1990 and June 1999. **20 C.F.R. § 404.1574 (b)(2)(I)**, **Table 1.** Plaintiff earned $6,723.77 in 1998, and of this amount, $5,511.27 was earned while continuously employed at Lowe's. **Tr., *supra*, at 471-72.** There is a presumption that a claimant earning income over $500 a month during the time specified by Table 1 is engaged in substantial gainful activity. **20 C.F.R. § 404.1574(b)(2)(I), Table 1**. When divided by the six months in 1998 she was employed by Lowe's, Plaintiff's earnings average approximately $919 a month. This clearly exceeds the $500 threshold established by the Regulations and

provides substantial evidence to support the finding of the ALJ that Plaintiff engaged in substantial gainful activity during this period. *Id.*

The ALJ also examined whether Plaintiff's employment at Lowe's could qualify as an "unsuccessful work attempt." **Tr.,** *supra***, at 472.** The significance of finding Plaintiff engaged in an unsuccessful work attempt could rebut the presumption that she engaged in substantial gainful activity based on Plaintiff's earning history from July 1998 through December 1998. **20 C.F.R. § 404.1574(c)(1).**

The Regulations provide a detailed framework for determining whether there has been an unsuccessful work attempt when the claimant has worked more than three months but less than six full months. *Id.* **§ 404.1574(c)(4)**. First, the impairment must have caused the claimant to cease working; *and* (i) the claimant was frequently absent from work because of the impairment; (ii) the claimant's work was unsatisfactory because of the impairment; (iii) the claimant worked during a period of temporary remission of the impairment; *or* (iv) the claimant worked under special conditions that were essential to employment and those conditions were removed. *Id.* **§ 404.1574(c)(4)(i-iv)**. The ALJ found, under this framework and by examining Social Security Ruling 05-02, that Plaintiff

failed to meet her burden of proof. **Tr.,** *supra***, at 472.** The ALJ found

Plaintiff denied frequent absences from her work at Lowe's, did not allege

that she worked under any special conditions, and did not allege her

employer indicated her work at Lowe's was unsatisfactory. *Id.* In addition,

Plaintiff did not allege that during this time she was under a remission from

her alleged disability such that she could have worked from July to

December 1998. *Id.*

In summary, Plaintiff applied for disability benefits on September 17,

1999, and she last met insured status on December 31,1996. **Tr.,** *supra***,**

**at 131-33**. The ALJ found Plaintiff engaged in substantial gainful activity by

working at Lowe's from July 6, 1998, through December 24, 1998, and

after her date of last insured. *Id*. **at 472.** Further, the ALJ found the

substantial gainful activity began more than 12 months prior to the

application date; and as such, Plaintiff did not file her application within the

12-month period after her disability ended as required by the Regulations.

**20 C.F.R. § 404.320(b)(3)**.[3] The Court finds the ALJ's determination that

Plaintiff was not entitled to a period of disability is supported by substantial

---

[3] In order to fall within the application time provisions of 20 C.F.R. §
320, Plaintiff would have to had filed her application prior to July 6, 1998.

evidence and based upon application of the correct legal standard.  ***See***

***Craig,*** **76 F.3d at 589.**


## V.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for

summary judgment is **DENIED,** and the Defendant's motion for summary

judgment is hereby **ALLOWED**.  A Judgment affirming the Commissioner's

decision denying benefits to the Plaintiff is filed herewith.

Signed: January 30, 2008

Lacy H. Thornburg
United States District Judge